United States District Court
Southern District of Texas
**ENTERED**
February 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WINFRED LOVELY, § § *Plaintiff,* § VS. § CIVIL ACTION NO. 4:22-CV-03441 § CITY OF HOUSTON FIRE FIGHTERS & § AMBULANCE SERVICE, § § *Defendant.* § § § | |

## ORDER

Pending before the Court is Defendant City of Houston Fire Fighters & Ambulance Service's ("Houston Fire") Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint and Amended Complaint. (Doc. No. 18). Plaintiff Winfred Lovely ("Lovely") did not respond but filed several supplemental exhibits and letters to the Court. (Doc. No. 20; Doc. No. 21; Doc. No. 22; Doc. No. 23). After carefully reviewing the motion and applicable law, the Court concludes that Defendant's motion should be **GRANTED**. (Doc. No. 18).

### Background

In October 2022, Lovely filed his original Complaint which alleged that the City of Houston Fire Fighters & Ambulance Services failed to provide him appropriate health services on October 6, 2020. (Doc. No. 1). In January 2023, Lovely filed his Amended Complaint with leave of this Court, alleging that he called 911, but the paramedics would not enter his residence or transport him to a health care facility. (Doc. No. 9 at 3). Lovely claims that he had cellulitis of his chest wall and several other health problems. (*Id.* at 4). Ultimately, Lovely alleges that the

paramedics who attended him that day placed him at unreasonable risk of harm by failing to provide appropriate care and transportation to a medical center. (*Id.*).

Defendant has filed a motion to dismiss under Rule 12(b)(6), arguing that the Houston Fire Department lacks separate legal existence with the capacity to be sued. Defendant further argues that Lovely's allegations do not implicate the violation of a constitutionally protected right, and, in the alternative, that his claims are barred by the statute of limitations. (Doc. No. 18).

### Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual

2

allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## Discussion

First, Lovely's claims must be dismissed because the Houston Fire Department "is a subdivision of the City of Houston and therefore does not have a separate legal identity that would allow it to sue and be sued." *McAfee v. Houston Police Dep't*, No. CV H-19-112, 2019 WL 12021829 at *1 (S.D. Tex. Mar. 19, 2019). *See also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). In *Menefee v. Houston Police Dep't*, No. 4:14-CV-01705, 2016 WL 3093131 (S.D. Tex. May 11, 2016), *report and recommendation adopted*, No. CV H-14-1705, 2016 WL 3077487 at *5 (S.D. Tex. May 31, 2016), the court reviewed the Charter for the City of Houston and concluded that the Houston Police Department—listed in the Charter as "Police and Fire Protection"—is "merely a component of the municipality, rather than a distinct legal entity." *See* Hous., Tex., Code of Ordinances ch. 34, art. II, III. Accordingly, Lovely's claims against the Houston Fire Fighters & Ambulance Service must be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

Even if Lovely's claims were directed against a proper Defendant, they must be dismissed because, as Defendant points out, "failure to perform an alleged duty to provide care or treatment does not amount to a cognizable § 1983 claim." (Doc. No. 18 at 11). *See Daniels v. Williams*, 474 U.S. 327, 332 (1986). Indeed, "where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required." *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Here, Lovely vaguely alleges that paramedics associated with the Houston Fire Department failed to provide care. When accepted as true, these facts do not rise to the level of an actionable constitutional claim under § 1983.

Defendant's Motion to Dismiss is hereby **GRANTED**. (Doc. No. 18).

Signed at Houston, Texas, on this the 2nd day of ~~January~~ Feb 2024.

_____
Andrew S. Hanen
United States District Judge